IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:09-CR-107-SDJ |
| | § | |
| ROYCE DEMOND RICE (2) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Royce Demond Rice's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 27, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea of the Federal Public Defender's Office. The Government was represented by Brent Andrus.

Defendant was sentenced on July 7, 2010, before The Honorable Marcia A. Crone of the Eastern District of Texas after being found guilty of the offenses of Possession with Intent to Distribute Cocaine Base, and Conspiracy to Possess with the Intent to Distribute Cocaine Base. Each offense was a Class A felony. Each offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of VI, was life. Defendant was subsequently sentenced to life imprisonment followed by a 10-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse aftercare; shall obtain a GED; and a $200.00 special assessment. On May 8, 2019, Defendant's motion for sentence reduction pursuant to Section 404 of the First Step Act was granted. This reduction resulted in an amended offense level of 24 and an amended guideline imprisonment range of 120 to 125 months. Defendant's sentence was reduced to 120 months of imprisonment followed by an 8-year term of

supervised release. The previously imposed conditions of release remained in place. On May 13, 2019, Defendant completed his period of imprisonment and began service of the term of supervised release. On April 14, 2021, Defendant's case was reassigned to United States District Judge Sean D. Jordan; United States District Judge Marcia A. Crone is no longer assigned to this case.

On April 15, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 218, Sealed]. The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (3) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer [Dkt. 218 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On March 30, 2021, Defendant was arrested by Lewisville, Texas police for Assault Causes Bodily Injury-Family Member. On March 31, 2021, Defendant was released after posting $5,000.00 bond. As of this writing, the case is pending; (2) Defendant did not submit monthly supervision reports by the 5th day in the following months: June, July, August, October, November, and December in 2019; and January and February in 2020; and (3) Defendant failed to participate in treatment as directed by failing to attend group counseling on two (2) occasions in June and July of 2019. He also failed to report for random drug tests on June 5, 2019 and June 20, 2019 [Dkt. 218 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 and 3 of the Petition. The Government dismissed allegation 1. Having considered the Petition and the plea of true to allegations 2 and 3, the Court finds that Defendant did violate

his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 239].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with a term of supervised release of four (4) years to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment; (2) You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must obtain your high school equivalency diploma; (4) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (5) You must abstain completely from the use of alcohol during the term of supervised release.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate. **SIGNED this 4th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE