# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:09-CR-107- |
| | § | SDJ-CAN |
| ROYCE DEMOND RICE (2) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Royce Demond Rice's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on March 30, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Tracey Batson.

Defendant was sentenced on July 7, 2010, before The Honorable Marcia Crone of the Eastern District of Texas after being found guilty of the offenses of Possession with Intent to Distribute Cocaine Base, a Class A felony and Conspiracy to Possess with the Intent to Distribute Cocaine Base, a Class A felony. Each offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of VI, was Life. He was subsequently sentenced to Life imprisonment followed by a 10-year term of supervised release as to both counts subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; obtain a GED; and a $200.00 special assessment. On May 8, 2019, pursuant to Section 404 of the First Step Act, his motion for sentence reduction was granted. The reduction resulted in an amended offense level of 24 and an amended guideline imprisonment range of 120 to 125 months. The

REPORT AND RECOMMENDATION – Page 1

sentence was reduced to 120 months of imprisonment followed by an 8-year term of supervised release. The previously imposed conditions of supervision remained in place. He completed his sentence of imprisonment and commenced the term of supervised release on May 13, 2019. On April 14, 2021, the case was transferred to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas. On July 9, 2021, the term of supervised release was revoked, and he was sentenced to 8 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; obtain his GED; mental health treatment; and alcohol abstinence. He began his new term of supervised release on December 27, 2021.

On February 15, 2023, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 244, Sealed]. The Petition asserts that Defendant violated nine (9) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) After initially reporting to the probation office, you will receive instructions from the court or probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer; (4) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours; (6) You must abstain completely from the use

of alcohol during the term of supervised release; (7) You must answer truthfully the questions asked by your probation officer; (8) You must obtain your high school equivalency diploma; and (9) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participating in the program [Dkt. 244 at 1-6, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On February 11, 2023, in Denton County, Texas, Defendant was arrested by the Lewisville, Texas Police Department for the offenses of Kidnapping, a third-degree felony, Assault Causing Bodily Injury-Family Member, a class A misdemeanor, and Interfere with Emergency Request for Assistance, a class A misdemeanor. He was taken into custody on that night and was released the following day on a surety bond of $10,000 as to the Kidnapping charge, $5,000 as to the Assault charge, and $2,500 as to the Interference charge. No formal charges have been filed and the cases remain pending in Denton County. According to the offense report, on February 11, 2022, officers with the Lewisville, Texas Police Department were contacted by the Gainesville, Texas Police Department that they had a rolling disturbance call southbound on Interstate 35. Lewisville PD received information that a female was crying on the line, saying someone forced her into a car and was headed to an unknown address in Lewisville. It was also mentioned that the caller was Christina McCoy (Defendant's girlfriend) and she stated that her ex-boyfriend kidnapped her. The call was transferred to Denton County Sheriff's Office, and they heard what sounded like a physical altercation and the female saying, "Oh no, he's got the phone" and the phone went dead, and officers were unable to get a hold of her again. After researching her history, Lewisville PD arrived at the listed residence where Defendant and his girlfriend reside, and Defendant and Christina arrived shortly thereafter. Defendant was detained in handcuffs and refused to speak to

the officers. He stated that he was at his house on Hardy Street, but officers knew that was not true as they had a few police officers at that house too. He continued to change his story and later said he had nothing to say. The officers spoke with Christina, and she stated that "he [Defendant] beat the shit out of me tonight". She added that Defendant was intoxicated when he came by to pick her up to go to Winstar World Casino in Thackerville, Oklahoma and that she drove instead. She stated that she went inside the casino alone because Defendant was sleeping in the vehicle. However, when he woke up, he called her yelling and cursing asking where she was. They eventually ended up in the parking lot of the casino where he grabbed her sweatshirt collar and her purse and threw it across the parking lot. They got back in the vehicle and Defendant then struck her on the left side of her face below her cheekbone where her jaw meets. She attempted to reach across him to obtain her phone to call 911 and he punched her in the mouth where she believes she may have sustained scratches to her face. They began driving while Defendant continued to yell at her, and Christina called 911. The first phone call she only said, "I'm sorry I didn't mean to bother you" and hung up. Dispatch called her back and Defendant was still yelling at her. Dispatch asked her if she was kidnapped, and she responded that she was. Defendant eventually caught on that she was on the phone with 911 and swerved to stop the car. He punched her in her left ear and wrapped his arm around her neck like a chokehold and she was partially able to breath. She yelled, "[Defendant], stop" Defendant grabbed the phone and threw it out of the window. Christina attempted to flee, however, there was no place for her to go as she was in the middle of nowhere. She felt defeated and got in the vehicle with him again. She stayed quiet for the whole way and Defendant contacted his aunt and kept yelling that "she's a snitch and she called the cops". Christina allowed the officers to take pictures of her injuries. Christina's left ear was red, she had a long scratch going from her neck down to her chest, and she had internal injuries on her lips as

her lips got caught on her braces when she was punched in the mouth; (2) On May 23, 2022, Defendant was instructed, via telephone, to report to the office. He failed to report in person as instructed. Defendant contacted this officer later in the afternoon stating that he would not be able to make it; (3) According to the offense report for the offenses noted above, on February 11, 2022, Defendant went to the Winstar World Casino in Thackerville, Oklahoma. Defendant did not receive permission to travel to Oklahoma; (4) On December 21, 2022, the U.S. Probation Office conducted a home visit at the residence listed by Defendant. No one appeared to be home and this officer contacted him via telephone. He advised this officer that he had moved to another residence. He failed to advise the U.S. Probation Office of his intention to move or to advise of the new residence once he had moved in. According to Defendant, he moved because there was a fire in the home, and he needed to move out immediately; (5) On November 25, 2022, Defendant was arrested by the Flower Mound Police Department on a previous warrant issued by the Denton Police Department. He released on bond and was given a citation for the offenses of No Driver's License, Open Container in Vehicle, and Expired Registration. Defendant failed to notify the U.S. Probation Office of the law enforcement contact within 72 hours. During a phone conversation on December 1, 2022, Defendant stated he did not notify of this arrest and law enforcement contact because it was no big deal. He also advised the open container was left by his uncle. On December 3, 2022, Defendant contacted law enforcement because of an apparent fire that was in the home. Defendant failed to advise this officer of the contact within 72 hours; (6) During the initial interview visit conducted on January 7, 2022, he submitted a urine specimen and was advised that it would be tested for alcohol. He verbally admitted to drinking a few beers the day before and stated that he had no idea he could not drink alcohol. Although this was the first visit Defendant had with the U.S. Probation Office and his conditions had not been reviewed with him, the

conditions were reviewed by the Court during the revocation sentencing. During an office visit conducted on August 15, 2022, he submitted a urine specimen and was advised that it would be tested for alcohol. He admitted to drinking alcohol through written admission and the specimen was submitted to the national testing lab for confirmation. Defendant stated that he did not know he could not drink alcohol and that he should be able to if he wanted. On February 8, 2023, the U.S. Probation Officer conducted an unannounced home visit, during evening hours, and asked Defendant if he had been drinking alcohol. He verbally admitted to drinking a beer a few days ago because a friend passed away. A breathalyzer was administered, and the results were 0.083. Defendant then stated that he drank a few beers the night before. Defendant then stated that he drank a few shots the night before; (7) Defendant was not truthful regarding his alcohol consumption during the home visit conducted on February 8, 2023. Defendant provided several accounts about when he last consumed alcohol as well as the amount he consumed. It should be noted, upon being questioned about the inaccuracy of his statements regarding alcohol use, he became frustrated and began cursing at this officer and had his fists closed; (8) On June 6, 2022, Defendant was referred to a GED program, and he failed to obtain his GED or his high school equivalency diploma. He was asked about his compliance with this condition on several occasions to which he responded that he would investigate it. As of this date, Defendant has not been enrolled in any program; and (9) On May 21, 2022, Defendant failed to report to submit a random urinalysis at Addiction Recovery Center in Lewisville, Texas. He advised this officer that he did not see his phone until later and failed to report. On September 7, 2022, Defendant failed to report to submit a random urinalysis at Addiction Recovery Center in Lewisville, Texas. He advised that his phone was broken. On September 10, 2022, Defendant failed to report to submit a random urinalysis at

Addiction Recovery Center in Lewisville, Texas. He advised that he got a new phone and did not receive any messages [Dkt. 244 at 1-6, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 through 9 of the Petition. The Government dismissed allegation 1. Having considered the Petition and the plea of true to allegations 2 through 9, the Court finds that Defendant did violate his conditions of supervised release and that an upward departure is appropriate.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 257; 258].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of forty-eight (48) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 18th day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE